# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

Akeem C. Mason, )
    Plaintiff, )
)
v. ) 1:23cv1673 (RDA/LRV)
)
Wesley Townsend, *et al.*, )
    Defendants. )

## ORDER

Akeem C. Mason, a Virginia state prisoner, filed a civil action pursuant to 42 U.S.C. § 1983 alleging defendants—J. Booth, Captain-GTL site supervisor; Deborah Alderson, CEO Chairman of GTL; and Global Tel Link Corp, Inmate Calling Service—violated the Federal Communications Commission ("FCC") cap on call rates, his "1st Amendment rights," and the Sherman Antitrust Act, 15 U.S.C. §§ 1, 13. Dkt. No. 1. The allegations concern his allegation that he was charged .26 cents per minute to make telephone calls from the Meherrin River Regional Jail—Alberta Facility. Plaintiff seeks monetary and injunctive relief. Because Plaintiff is a prisoner, the Court screened his Complaint on April 22, 2024 to determine if it was frivolous, malicious, or failed to state any claims upon which relief may be granted. *See* 28 U.S.C. § 1915A.[1]

The April 22, 2024 Order found Mason had neither alleged what FCC regulations had been violated nor had he alleged that any of the named Defendants had taken any action under color of

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

    (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

state law. The Order then noted that Mason did not have a constitutional right to use a telephone. *See Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992) (explaining that inmate's constitutional right of meaningful access to the courts does not require "any particular means of access, including unlimited telephone use"); *see also Benzel v. Grammer*, 869 F.2d 1105, 1108 (8th Cir. 1989) ("A prisoner has no right to unlimited telephone use."); *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994) (holding that "an inmate has no right to unlimited telephone use"); *United States v. Lentz*, 419 F. Supp. 2d 820, 835 (E.D. Va. 2005) ("Prison officials, exercise 'wide discretion' in determining the manner and method that inmates will be allowed to access the court system and their attorneys; prisoners are not entitled to any particular method of access to the courts or to their lawyers.") (citing *Bounds v. Smith*, 430 U.S. 817, 833 (1977)); *cf. Pope v. Hightower*, 101 F.3d 1382, 1385 (11th Cir. 1996) (inmates' First Amendment rights were not violated because he had an "alternative means" of communicating with persons outside the prison). Further, "prisoners are [not] entitled to a specific rate for their telephone calls." *Harrison v. Fed. Bureau of Prisons*, 464 F. Supp. 2d 552, 555-56 (E.D. Va. 2006) (quoting *Johnson v. California*, 207 F.3d 650, 656 (9th Cir. 2000)).[2]

---

[2] *Harrison* involved a claim that the rates interfered with the prisoner's First Amendment rights and held that

> in the First Amendment context "prisoners have no *per se* constitutional right to use a telephone." *United States v. Footman*, 215 F.3d 145, 155 (1st Cir. 2000). Instead, "a prisoner's right to telephone access, if any, is subject to rational limitation based upon legitimate security and administrative interests of the penal institution." *Arney v. Simmons*, 26 F. Supp. 2d 1288, 1293 (D. Kan. 1998) (citing *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994)). To that end, "the exact nature of the telephone service to be provided to inmates is generally to be determined by prison administrators." *Evjene v. Hawsey*, 1994 U.S. Dist. LEXIS 14526, at *7-8 (D. Ala. 1994). And, "decisions made by prison officials regarding prison administration are entitled to significant deference." *Shue v. Herring*, 2006 U.S. Dist. LEXIS 73400, at *17-18, [2006 WL 3940554, at *5] (M.D.N.C. 2006) (citing *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)). As such, "absent extraordinary circumstances, the courts may not second-guess prison administrators, nor should federal courts immerse themselves in the management of state prisons." *Id.*

*Harrison*, 464 F. Supp. 2d at 555 (footnote omitted).

Plaintiff's conclusory reference to the Sherman Antitrust Act made little sense because a § 1983 civil action requires that a defendant acted under color of state law. Yet, as a threshold matter, state actions are exempt from the federal antitrust laws (the Sherman Antitrust Act) pursuant to the state action doctrine.[3]

The Court's April 22, 2024 Order found that Mason had failed to establish a claim upon which relief could be granted but granted him leave to file an amended complaint within thirty days curing his deficiencies. Instead of filing an amended complaint, Mason filed a premature Notice of Appeal on May 8, 2024. Dkt. No. 9. On July 17, 2024, after proper notice, the Fourth Circuit dismissed Mason's appeal "for failure to prosecute pursuant to Local Rule 45," Dkt. No. 14, and issued its mandate the same day, Dkt. No. 15. This Court issued an Order on July 18, 2024, directing Mason to "comply with the Court's April 22, 2024 Order within thirty days," and warned Mason that his civil action could be dismissed pursuant to Rule 41(b) if he failed to comply with any portion of the July 18, 2024 Order and to file his amended complaint.

The time for filing an amended complaint has long passed and Mason has not communicated with this Court regarding this matter since the entry of the April 22, 2024 Order. Despite having had nearly three months to prepare an amended complaint while the matter was

---

[3] The state action doctrine stems from basic principles of federalism and state sovereignty. *Town of Hallie v. City of Eau Claire*, 471 U.S. 34, 37-39 (1985). In *Parker v. Brown*, 317 U.S. 341 (1943), the Court found that while the Sherman Act provided controls on private restraints on trade, the intent was not to "nullify a state's control" over its own activities as a sovereign entity. 317 U.S. at 351. "That ruling recognized Congress' purpose to respect the federal balance and to 'embody in the Sherman Act the federalism principle that the States possess a significant measure of sovereignty under our Constitution.'" *N.C. State Bd. of Dental Exam'rs v. FTC*, 574 U.S. 494, 503 (2015) (citations omitted). While municipalities are not themselves sovereigns, the progeny of this doctrine has effectively embraced them within the purview of the state where it is shown that the municipality is acting pursuant to a "clearly articulated and affirmatively expressed . . . state policy" authorizing them to "displace competition with regulation or monopoly public service." *Town of Hallie*, 471 U.S. at 39 (citing *Lafayette v. Louisiana Power & Light Co.*, 435 U.S. 389, 412 (1978)). "[A] prisoner's confinement is of necessity subject to the broad discretion of those managing the jail." *Kitchen v. Upshaw*, 286 F.3d 179, 185 (4th Cir. 2002). *See, supra* note 2.

3

pending in the Fourth Circuit, and an additional thirty days after the mandate was issued on July 17, 2024, Mason has not filed an amended complaint. *See Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013) ("a strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure.") (quoting *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013)).[4] The complaint will therefore be dismissed with prejudice.[5]

Accordingly, it is hereby

**ORDERED** that this civil action be and is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is

**FURTHER ORDERED** that Plaintiff's motion to proceed *in forma pauperis*, Dkt. No. 2, is DENIED as MOOT; and it is

---

[4] *See Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017) (failure to amend does not "negate" the determination already made by the court that the allegations failed to state a claim).

[5] Dismissal with prejudice is appropriate under the circumstances of this case.

When a district court dismisses an action pursuant to 28 U.S.C. § 1915(e)(2), and "the district court already afforded [the plaintiff] an opportunity to amend," the Fourth Circuit has explained that "the district court has the discretion to afford [the plaintiff] another opportunity to amend[,] or [it] can 'dismiss the complaint with prejudice.'" *Smith v. Forrester*, No. 4:18cv3317, 2019 WL 1027932, at *2, 2019 U.S. Dist. LEXIS 35042, at *5 (D.S.C. Feb. (D.S.C. Feb. 6, 2019) (quoting *Workman v. Morrison Healthcare*, 724 F. App'x 280 (4th Cir. 2018)) (recommending the dismissal of a *pro se* action under 28 U.S.C. § 1915 with prejudice after the plaintiff, despite receiving an opportunity to amend, failed to state a claim upon which relief could be granted), *adopted by* 2019 WL 1022809, 2019 U.S. Dist. LEXIS 33852 (D.S.C. Mar. 4, 2019); *see Gooden v. U.S. Navy/U.S. Marine Corps*, 791 F. App'x 411, 411 (4th Cir. 2020) (affirming the district court's dismissal of a *pro se* action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)).

*United States ex rel. Angel v. Scott*, 697 F.Supp.3d 483, 494-95 (E.D. Va. 2023).

4

**FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(g)[6], this dismissal may affect Plaintiff's ability to proceed *in forma pauperis* in future civil actions; and it is

**FURTHER ORDERED** that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act.

To appeal this decision, Plaintiff must file a written Notice of Appeal with the Clerk's office within thirty (30) days of the date of this Order. *See* Fed. R. App. P. 4(a). A written Notice of Appeal is a short statement indicating a desire to appeal and including the date of the Order that Plaintiff wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed to send a copy of this Order dismissing the complaint without prejudice to Plaintiff, and to close this civil action.

Entered this 11 day of September, 2024.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[6] 28 U.S.C. § 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

5